# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BCL-EQUIPMENT LEASING, LLC, § § *Plaintiff*, § § v. § Case No. 2:15-CV-195-WCB § JIMMY L. ("BUBBA") DAVIS, JR., et al., § § *Defendants*. § | |

## MEMORANDUM AND ORDER

Before the Court is Jerry Rawlinson's Opposed Motion for Leave to File Plea in Intervention and Third Party Complaint (Dkt. No. 30). Mr. Rawlinson's motion to intervene is opposed by plaintiff BCL-Equipment Leasing, LLC (Dkt. No. 36). BCL's opposition is joined by defendants Big Horn Drilling, Inc., Randy Valerde, and Greg Castaneda (Dkt. No. 38). Mr. Rawlinson's motion to intervene is also separately opposed by previous intervenor John S. Turner.[1] (Dkt. No. 37). Mr. Davis has not opposed Mr. Rawlinson's intervention. For the reasons set forth below, the court GRANTS Mr. Rawlinson's motion.

This is a diversity action concerning interests in a drilling rig located in Waskom, Texas. Plaintiff BCL asserts that Mr. Davis (a Texas resident) sold the rig to Big Horn (a New Mexico corporation), that Big Horn engaged in a leaseback/sale of the rig to BCL (an Illinois corporation), and that Mr. Davis is now refusing to give BCL possession of the rig. Mr. Turner (a Louisiana resident) intervened, naming Mr. Valerde and Mr. Castaneda (both New Mexico residents) as additional third-party defendants aligned with Big Horn. Mr. Turner asserted that

---

[1] Mr. Turner's motion to intervene (Dkt. No. 6), which was unopposed, was granted by the Court on March 25, 2015 (Dkt. No. 9).

he is the rig's owner, that he possesses a promissory note and has a security interest in the rig, and that BCL's actions have clouded his title to the rig. In his motion to intervene and his third-party complaint, Mr. Rawlinson (a Texas resident) asserts that he also has a security interest in the rig and that BCL's actions have clouded his title.

Even though Mr. Turner intervened in this case on grounds very similar to those asserted by Mr. Rawlinson, Mr. Turner initially opposed Mr. Rawlinson's motion. Mr. Turner's opposition was based on his concern that, because Mr. Davis and Mr. Rawlinson are both Texas residents, claims might arise between them, negating the diversity of citizenship that is the basis for this Court's jurisdiction over the case. In his reply brief, Mr. Rawlinson stated that he is "not aware of any event of default or breach" against Mr. Rawlinson by Mr. Davis. Beyond that, Mr. Rawlinson represented that, should such a default or breach be discovered, Mr. Rawlinson would bring any claim on that default or breach in a separate forum, so that this Court's jurisdiction over the case would not be compromised. (Dkt. No. 39, at 3) Mr. Rawlinson's covenant appears to have overcome Mr. Turner's objection. Mr. Turner's final brief asserts that the motion to intervene should be granted if the Court finds that Mr. Rawlinson's intervention does not destroy diversity. (Dkt. No. 42-1, at 4)

BCL opposes Mr. Rawlinson's motion to intervene on two grounds. First, BCL argues that Mr. Rawlinson cannot intervene as of right under Fed. R. Civ. P. 24(a)(2) because Mr. Rawlinson has not shown that the disposition of the action might impair or impede his ability to protect an interest relating to the property that is the subject of the lawsuit. See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (to establish entitlement to intervention as of right under Fed. R. Civ. P. 24(a)(2), the prospective intervenor must show, inter alia, that he has an interest relating to the property or transaction that

is the subject of the action and that the disposition of the action may as a practical matter impair or impede his ability to protect his interest). BCL asserts, without citation of authority, that "[w]hile a lien claimant may have an interest in the ownership question, that does not give a lien claimant the legal right to intervene in a suit where ownership is the main issue." (Dkt. No. 36, at 6).

Second, BCL argues that Mr. Rawlinson's intervention would deprive this Court of jurisdiction over the case by destroying the complete diversity of citizenship among the parties. BCL's theory is that under governing principles of law Mr. Rawlinson (a Texas resident) would be required to be aligned as a plaintiff and therefore would be on the opposite side of the case from the defendant, Mr. Davis (who is also a Texas resident). In that event, BCL argues, there would cease to be the complete diversity among the parties required by 28 U.S.C. § 1332, and the Court would be required to dismiss the case for want of jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (Section 1332 and its predecessors "have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

1. Contrary to BCL's assertion, the Court concludes that Mr. Rawlinson has an interest in this case of the kind that is sufficient to justify intervention. The Fifth Circuit has held that Fed. R. Civ. P. 24(a)(2) requires "a direct, substantial, legally protectable interest in the proceedings." Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). That is, the prospective intervenor must have "an interest that is concrete, personalized, and legally protectable is sufficient to support intervention." Texas v. United States, 805 F.3d 653 (5th Cir. 2015).

The Fifth Circuit has recognized that a property interest is "the most elementary type of right that Rule 24(a) is designed to protect." Diaz v. S. Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970); see also Texas v. United States, 805 F.3d at 658 ("property interests are almost always adequate" to "support intervention under Rule 24(a)(2)"). A security interest in property is clearly a form of property. The Uniform Commercial Code defines a "security interest" as "an interest in personal property or fixtures which secures payment or performance of an obligation." U.C.C. § 1-201 (b)(35). And the Fifth Circuit has repeatedly held that a party with a security interest in real or personal property has a property interest that can support a motion to intervene. See Calvert Fire Ins. Co. v. Environs Dev. Corp., 601 F.2d 851, 858-59 (5th Cir. 1979) (a proposed intervenor has the right to intervene "on the theory that it may have an equitable lien in the insurance proceeds."); Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A., 831 F.2d 59, 62 (5th Cir. 1987) (a "person who possessed a security interest or whose claim was contingent on establishing liability in the main action" has the right to intervene); Gilbert v. Johnson, 601 F.2d 761, 767 (5th Cir. 1979) (attorney's lien on proceeds of claim justified intervention); Ordnance Container Corp. v. Sperry Rand Corp., 478 F.2d 844 (5th Cir. 1973) (assignee of proceeds of contracts in suit as security for a promissory note has a sufficient interest to justify intervention under Rule 24(a)(2)); Diaz, 427 F.2d at 1124 (tax lien is "clearly a legally cognizable interest in property which it seeks to attach to a res that is before the court"); see also Lake Investors Dev. Group v. Egidi Dev. Grp., 715 F.2d 1256, 1259 (7th Cir. 1983); Laredo Energy Holdings, LLC v. E&D Servs., Inc., Civil Action No. 5:07-cv-67, 2007 WL 3342603 (S.D. Tex. Nov. 6, 2007); Henry's Marine Serv., Inc. v. Fireman's Fund Ins. Co., No. Civ. A 02-3682, 2004 WL 1857646 (E.D. La. Aug. 17, 2004).

The Laredo Energy Holdings case, in particular, is strikingly similar to this one on its facts. In that case, LBK Realty Two, LLC, extended credit to Reed Petroleum, LLC and Laredo Energy Holdings, LLC, in exchange for a security interest in a drilling rig. Laredo Energy Holdings and Reed Petroleum filed suit against defendant E&D Services, Inc., and others, claiming that the defendants had interfered with the plaintiffs' ownership interests in the rig. Over the defendants' objection, the district court held that LBK should be permitted to intervene and would be aligned with Laredo Energy Holdings and Reed Petroleum, the parties through which LBK held a security interest in the rig. The court noted that, in light of the defendants' alleged actions, LBK was concerned that its security interest in the rig was put at risk. Based on the parties' respective positions with regard to the dispute underlying the lawsuit, the court concluded that LBK had shown that it has "a 'direct, substantial, [and] legally protectable' interest in the subject matter of the current action." 2007 WL 3342603, at *2, quoting Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994).

The same analysis applies here. Mr. Rawlinson claims a security interest in the rig through Mr. Davis. Mr. Rawlinson's property interest is thus subject to being affected by the outcome of this action, and his interest is clearly aligned with that of Mr. Davis and against that of BCL. Under those circumstances, Mr. Rawlinson has made a sufficient showing to justify intervention under Rule 24(a)(2).

2. The Court also rejects BCL's argument that if Mr. Rawlinson were allowed to intervene, he would have to be aligned as a plaintiff, thus destroying diversity. The test for determining the proper alignment of parties is "whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." Griffin v. Lee, 621 F.3d 380, 383 (5th Cir. 2010); Lowe v. Ingalls Shipbuilding, a Div. of Litton Sys., Inc., 723 F.2d 1173, 1178

(5th Cir. 1984); 13E Charles Alan Wright et al., Federal Practice & Procedure § 3607 (3d ed. 2009). In determining the proper alignment of the parties in cases in which the alignment may have jurisdictional consequences, courts have a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). Opposing parties must have a "collision of interests" over the "principal purpose of the suit." Id.

Under those principles, it is clear that Mr. Rawlinson should be aligned as a defendant, since his interests are plainly opposed to those of BCL with respect to the fundamental question of ownership of the rig. BCL asserts that it owns the rig and that Mr. Davis has no ownership interest in it. Mr. Rawlinson's claim of a security interest in the rig, and his expectation of repayment from the proceeds of the sale of the rig, are based on Mr. Davis's claim of ownership. For that reason, Mr. Rawlinson asserts that his interests are adverse to BCL's and that his monetary interests may well be affected by the resolution of the ownership issue. Moreover, Mr. Rawlinson's third-party complaint seeks recovery of damages against BCL for allegedly interfering with Mr. Rawlinson's ability to obtain payment from Mr. Davis by preventing Mr. Davis from selling the rig. Based on all the circumstances, the Court concludes that Mr. Rawlinson should be aligned in the lawsuit with the defendant, Mr. Davis, and not with the plaintiff, BCL. Absent unforeseen developments, Mr. Rawlinson's intervention therefore will not destroy complete diversity in the case and thus will not interfere with the Court's exercise of jurisdiction.[2]

---

[2] BCL argues that in light of the Fifth Circuit's unpublished opinion in Chesapeake La., L.P. v. Buffco Prods., Inc., 564 F. Appx. 751 (5th Cir. 2014), a party such as Mr. Rawlinson would have to be aligned as a plaintiff if he were permitted to intervene, since the plaintiff, BCL, is not asserting a claim against him. See id. at 755-56 (quoting 16 James Wm. Moore et al, Moore's Federal Practice § 106.46 (3d ed. 2013)). While the absence of a claim against the

For the reasons set forth above, Mr. Rawlinson's Motion for Leave to File Plea in Intervention and Third Party Complaint (Dkt. No. 30) is GRANTED. Mr. Rawlinson will be permitted to intervene and will be aligned as a defendant in the case.

IT IS SO ORDERED.

SIGNED this 11th day of January, 2016.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

intervenor by the plaintiff is a factor to consider in determining the proper alignment of the parties, that factor is not dispositive. As the Moore treatise indicates, a party in Mr. Rawlinson's position is properly aligned as a non-plaintiff because he is seeking to intervene "to defend or protect interests put at issue by the original action, and likely to be lost without the party's intervention." Moore's Federal Practice § 106.46, at 106-72. See generally 13E Charles Alan Wright et al., Federal Practice & Procedure § 3607, at 311-21.