# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BCL-EQUIPMENT LEASING, LLC, § § *Plaintiff*, § § v. § § JIMMY L. ("BUBBA") DAVIS, JR., et al., § § *Defendants*. § | Case No. 2:15-CV-195-WCB |

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant, Counter-Plaintiff, Third-Party Plaintiff, and Counter-Defendant, Jimmy L. ("Bubba") Davis, Jr., for Partial Summary Judgment Regarding Breach of Contract Claim by Big Horn Drilling, Inc., Greg Castaneda, and Randy Valerde (collectively "Big Horn"). Dkt. No. 106. For the reasons set forth below, the motion for summary judgment is GRANTED IN PART and DENIED IN PART.

### I. Background

This suit concerns a series of business dealings involving an oil well drilling rig, known as Rig 102, constructed by Mr. Davis. According to his allegations, Mr. Davis began building the rig using his own funds and equipment. Evidence of record in the summary judgment proceedings would support the following: In 2013, Mr. Davis received funds from Intervenor John S. Turner, Jr., to finance construction on Rig 102. Mr. Turner provided Mr. Davis with a total of $1,302,500 during that period. Dkt. No. 107-2. In addition to providing cash to Mr. Davis, Mr. Turner also provided components for the rig, including a generator house and an accumulator. Dkt. No. 173-3, at 21-22. On June 10, 2013, Mr. Davis entered into an agreement with Intervenor Jerry Rawlinson. Under the agreement, Mr. Rawlinson was to furnish Mr. Davis

with components to be incorporated into two drilling rigs, including Rig 102. Dkt. No. 85-1. Mr. Turner and Mr. Rawlinson both filed financing statements on Rig 102 with the Texas Secretary of State. Dkt. Nos. 103-1 and 85-3.

Evidence offered in the summary judgment proceedings would further support the following: In February 12, 2014, while Rig 102 was still incomplete, Mr. Davis entered into a transaction with Big Horn. Mr. Davis and Big Horn executed a bill of sale for Rig 102, which recited a purchase price of $6,500,000.[1] Dkt No. 115-1. Big Horn gave Mr. Davis a check for $6.5 million, but Big Horn did not have sufficient funds in its account to cover the check. According to Mr. Castaneda, an officer of Big Horn, Mr. Davis was aware of that fact. Dkt. No. 108-5, at 29-30. There is no evidence that Mr. Davis has ever attempted to cash that check.

Big Horn has argued that the transaction was not actually a sale and that the Bill of Sale did not accurately reflect the true transaction between the parties. Big Horn's position is that, through oral agreements, Big Horn and Mr. Davis created a more complicated arrangement. Big Horn argues that Mr. Davis agreed to transfer title to Big Horn so that Big Horn could secure the necessary financing to finish the rig and deploy it. Dkt. No. 108-5, at 28-29. Once the rig was in place and the drilling venture was producing profits, Big Horn would pay Mr. Davis for the rig over time. Id. Big Horn also argued that in addition to his work on the rig, Mr. Davis agreed to help Big Horn secure drilling contracts. Id. at 27.

There is evidence in the summary judgment proceedings of the following: Big Horn sold Rig 102 to BCL-Equipment Leasing, LLC, on July 28, 2014, for $1.5 million. Dkt. No. 108, at 6, 8. Concurrent with that sale, Big Horn agreed to lease the rig back from BCL. Id. at 8. In

---

[1] Mr. Davis alleges that the true purchase price was $8,500,000, not the $6,500,000 recited in the Bill of Sale.

January 2015, after Big Horn stopped making payments under its lease agreement, BCL contacted Mr. Davis and asked to take possession of Rig 102. Mr. Davis refused.

BCL then filed this action against Mr. Davis. Mr. Davis subsequently joined Big Horn as a third-party defendant. Dkt. No. 5. Mr. Turner and Mr. Rawlinson were permitted to intervene in the action based on their claimed security interests in Rig 102. Big Horn filed a counterclaim against Mr. Davis alleging that Mr. Davis had breached an oral contract to transfer title to Rig 102 to Big Horn so that Big Horn could sell the rig to BCL; that Mr. Davis failed to finish the rig as he had agreed to do; and that Mr. Davis had failed to secure drilling contracts for Big Horn as he had promised he would. Dkt. No. 84.

Mr. Davis has moved for summary judgment, contending that Big Horn has failed to make a sufficient showing that all of the essential elements of its breach of contract claim are present.

## II. Applicable Law

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence on summary judgment must be viewed in the light most favorable to the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. Celotex v. Catrett, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." Anderson, 477 U.S. at 247-48.

The moving party must identify the basis for granting summary judgment by showing the absence of a genuine dispute of material fact. Celotex, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, it "must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." Johnson v. GlobalSanteFe Offshore Servs., Inc., 799 F.3d 317, 320 (5th Cir. 2015). At that point, the burden shifts to the non-moving party to produce evidence establishing that there is a genuine issue of material fact for trial. Brandon v. Sage Corp., 808 F.3d 266, 270 (5th Cir. 2015).

## III. Discussion

Mr. Davis has sought summary judgment on a number of issues. He argues, first, that Big Horn's alleged oral agreements are unenforceable under the Texas Statute of Frauds. Second, he argues that Big Horn has failed to proffer evidence supporting several elements of its breach of contract claim. Specifically, Mr. Davis argues (1) that Big Horn has failed to show that it performed its obligations under those agreements, and in particular it has failed to show that it performed certain conditions precedent necessary for it to recover under those agreements; (2) that Big Horn has failed to create a disputed issue of fact as to Mr. Davis's breach of those agreements; (3) that Big Horn has failed to point to evidence that it was damaged as a result of the breach; and (4) that Big Horn has failed to show that the alleged oral agreements were supported by consideration. Finally, Mr. Davis argues that even in the event that Big Horn recovers on its claim under the oral agreements, Big Horn would not be entitled to the award of attorney's fees that it seeks in its Counterclaim, because it did not present its claim to Mr. Davis within the 30-day notice period set forth in Chapter 38 of the Texas Civil Practice and Remedies Code.

### A. Statute of Frauds

The Statute of Frauds imposes a signed writing requirement before certain types of promises or agreement will be enforced by a court. In Texas, the following promises are subject to the Statute of Frauds:

> (1) a promise by an executor or administrator to answer out of his own estate for any debt or damage due from his testator or intestate;
>
> (2) a promise by one person to answer for the debt, default, or miscarriage of another person;
>
> (3) an agreement made on consideration of marriage or on consideration of nonmarital conjugal cohabitation;
>
> (4) a contract for the sale of real estate;
>
> (5) a lease of real estate for a term longer than one year;
>
> (6) an agreement which is not to be performed within one year from the date of making the agreement;
>
> (7) a promise or agreement to pay a commission for the sale or purchase of:
>
>> (A) an oil or gas mining lease;
>>
>> (B) an oil or gas royalty;
>>
>> (C) minerals; or
>>
>> (D) a mineral interest; and

TEX. BUS. & COMM. CODE § 26.01(b).

Mr. Davis's entire argument on this issue consists of the unelaborated assertion that "[t]he Big Horn Defendants have no evidence sufficient to raise a genuine issue of material fact that . . . valid contracts existed that do not violate the Statute of Frauds." It is not clear from that single assertion why Mr. Davis thinks that the oral promises in this case are subject to the Statute of Frauds.

After reviewing the parties' submissions, the Court concludes that it is far from clear that the Statute of Frauds renders the alleged oral promises in this case unenforceable in the absence of a signed writing. Big Horn has alleged that Mr. Davis promised Big Horn that he would transfer the title of Rig 102 to Big Horn and that he would arrange for Big Horn to execute drilling contracts with Landmark Drilling. In the case of the promise to transfer title, the Court does not see how that promise could fall within any of the categories of agreements subject to the Texas Statute of Frauds. In the case of the promises relating to obtaining drilling contracts for Big Horn, the Court concludes on the record presented to it that Mr. Davis has not shown that the agreement constituted a "promise or agreement to pay a commission for the sale or purchase of . . . an oil or gas mining lease." Id. at § 26.01(b)(7). Mr. Davis has neither alleged nor shown that there was any commission associated with the drilling contract aspect of the alleged oral agreements. Therefore the Court concludes that Mr. Davis is not entitled to summary judgment that any of the oral promises alleged by Big Horn would be unenforceable under the Texas Statute of Frauds.

### B. Other Contract Issues

Mr. Davis raises several other contract issues: contract formation, performance under the contract, breach, damages, and consideration. Mr. Davis's allegations as to all of those issues are entirely conclusory. That is not enough to satisfy the moving party's burden under the applicable summary judgment standard, even as to an issue on which the moving party does not have the burden of proof at trial. As the Fifth Circuit has stated, "a mere conclusory statement that the other side has no evidence is not enough to satisfy a [summary judgment] movant's burden." Ashe v. Corley, 992 F.2d 540, 544 (5th. Cir. 1993). The movant has the burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact." Celotex, 477 U.S. at 322. Here, Mr. Davis has alleged, in conclusory fashion, that the Big Horn failed to prove five separate elements of contract recovery, but he has not provided any elaboration of why they are not met. That failure requires that the Court deny summary judgment on those issues.

In any event, in its response to Mr. Davis's summary judgment motion, Big Horn has pointed to evidence that would support its theory that the arrangements between Big Horn and Mr. Davis are governed by the alleged oral agreements between them. First, as Big Horn points out, there is a disputed issue of fact as to whether the Bill of Sale for Rig 102 accurately reflects any or all of the true facts as to the contractual undertakings of the parties. Evidence in the summary judgment record would support a finding that various representations in the Bill of Sale are not true and that those representations were designed to facilitate financing arrangements rather than to reflect the actual agreements reached by the parties. Indeed, even Mr. Davis does not contend that the Bill of Sale accurately reflects the entire agreement between the parties, since he contends that the sale price of the rig was $8,500,000, not the $6,500,000 recited in the Bill of Sale.

Second, the deposition testimony of Big Horn's representatives gives rise to a disputed issue of fact as to whether Big Horn and Mr. Davis entered into oral agreements, supported by promises by each party, to effect the sale of Rig 102 and for Mr. Davis to seek to obtain drilling contracts for Big Horn. That same evidence also creates a factual dispute about whether Mr. Davis breached the terms of those oral agreements and whether Big Horn was injured by that alleged breach.

Finally, summary judgment is inappropriate on these contract issues because in the case of disputes over the existence, terms, and performance of an oral contract, the credibility of the

parties is likely to be highly relevant. See Rough Creek Lodge Operating, L.P. v. Double K Homes, Inc., 278 S.W.3d 501, 507 (Tex. Ct. App. 2009). And credibility determinations are functions for the jury, not the court on summary judgment. Anderson, 477 U.S. at 255. Therefore, the Court denies summary judgment on the issues of contract formation, performance under the contract, breach, damages, and consideration.

### C. Attorney's Fees

Mr. Davis argues that even if Big Horn should prevail on its contract claims, it would not be entitled to attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code because it did not present a demand to Mr. Davis without the requisite 30-day notice. To recover attorney's fees, "the claimant must present the claim to the opposing party," and "payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented." TEX. CIV. PRAC. & REM. CODE § 38.002. "The purpose of the presentment requirement is to allow the person against whom a claim is asserted an opportunity to pay within thirty days of receiving notice of the claim, without incurring an obligation for attorney's fees." Canine, Inc. v. Golla, 380 S.W.3d 189, 193 (Tex. Ct. App. 2012). The party seeking fees has the burden to plead and prove that it made a presentment of the claim to the defendant. Id. No particular form of presentment is required, and both oral and written demands for payment have been held to be sufficient. Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981). "However, neither the filing of a suit, nor the allegation of a demand in the pleadings can alone constitute presentment of a claim or a demand that the claim be paid." Llanes v. Davila, 133 S.W.3d 635, 641 (Tex. Ct. App. 2003).

Mr. Davis alleges that Big Horn failed to present the required claim or demand for payment. Big Horn has not responded in any way to rebut or address Mr. Davis's assertion in that regard. The burden is on Big Horn to establish presentment, and as it has not responded to

this argument it has failed to meet its burden. Upon review of the record, the Court does not find any demand other than in the pleadings in this action that could be construed as a demand for Mr. Davis to pay Big Horn's claim against it. For its part, Big Horn has not supplied any exhibits or declarations showing that a presentment was made. Because of the absence of any evidence of presentment, the Court grants summary judgment that Big Horn may not recover its attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

IT IS SO ORDERED.

SIGNED this 11th day of April, 2016.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE